PAUL J. FISHMAN
United States Attorney
By: JORDAN M. ANGER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2829
Fax: 973.297.2010
Jordan.Anger@usdoj.gov

|  |  |
|---|---|
|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>- against -<br><br>$225,894.00 IN UNITED STATES CURRENCY, INCLUDING BUT NOT LIMITED TO<br><br>UNITED STATES CURRENCY CONTAINED IN ACCOUNT NO. 3209038078, HELD IN THE NAME OF AND/OR BENEFIT OF ROMAN FAJNGOLD AT CAPITAL ONE NA, 265 BROADHOLLOW ROAD, MELVILLE, NEW YORK 11747; and<br><br>UNITED STATES CURRENCY CONTAINED IN ACCOUNT NO. 082428948, HELD IN THE NAME OF AND/OR BENEFIT OF ROMAN FAJNGOLD AT TWO RIVER COMMUNITY BANK, 120 HIGHWAY 35, MIDDLETOWN, NEW JERSEY 07748; and<br><br>UNITED STATES CURRENCY CONTAINED IN ACCOUNT NO. 674585321, HELD IN THE NAME OF AND/OR BENEFIT OF ROMAN FAJNGOLD IN TRUST FOR RYAN FAJNGOLD AT HSBC | Hon. William J. Martini, U.S.D.J.<br><br>Civil Action No. 08-3533<br><br>DEFAULT JUDGMENT AND<br>FINAL ORDER OF FORFEITURE |

1

BANK, 1105 NORTH MARKET STREET,
SUITE 1, WILMINGTON, DELAWARE 19801

Defendants *in rem.*

**WHEREAS**, on July 15, 2008, a Verified Complaint for Forfeiture *In Rem* was filed in the United States District Court for the District of New Jersey against the defendant property, namely 225,894.00 in United States currency, including but not limited to, United States currency contained in account number 3209038078, held in the name of and/or for the benefit of Roman Fajngold, at Capital One NA, 265 Broadhollow Road, Melville, New York 11747; United States currency contained in account no. 0824248948, held in the name of and/or benefit of Roman Fajngold, at Two River Community Bank, 1250 Highway 35, Middletown, New Jersey 07748; and United States currency contained in account no. 674585321, held in the name of and/or benefit of Roman Fajngold in trust for Ryan Fajngold at HSBC Bank, 1105 North Market Street, Suite 1, Wilmington, Delaware 19801 (hereinafter "defendant property") to enforce the provisions of 31 U.S.C. § 5317(c)(2), which provides for the forfeiture of property, real or personal, involved in a violation of 31 U.S.C. § 5324; and

**WHEREAS**, on or about July 15, 2012, pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court, the Internal Revenue Service seized the defendant property; and

**WHEREAS**, on July 28, 2008, the United States sent the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and a Notice of Forfeiture by certified mail, return receipt requested to Mr. Frank Agostino,Esq., Calo Agostino,

2

P.C., The Bank House, 14 Washington Place, Hackensack, New Jersey 07601, counsel for potential claimant Roman Fajngold.  (*see* Declaration of Jordan Anger with Exhibits, Exhibit A, hereinafter "Anger Decl."); and

**WHEREAS**, on or about July 29, 2008, the Verified Complaint for Forfeiture *In Rem*, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by Mr. Frank Agostino, Esq., Calo Agostino, The Bank House, 14 Washington Place, Hackensack, New Jersey 07601, counsel for potential claimant Roman Fajngold. *(id.)*; and

**WHEREAS**, on August 25, 2008, a Verified Claim asserting an interest in the defendant property was filed by Frank Agostino, Esq. counsel for potential claimant Sabak Fajngold; and

**WHEREAS**, on September 5, 2008, an Answer to the Verified Complaint for Forfeiture *In Rem* was filed by Frank Agostino, Esq. counsel for potential claimant Sabak Fajngold; and

**WHEREAS**, on August 22, 2012, the Court granted the Government's motion to strike the claim of potential claimant Sabak Fajngold for lack of standing. (*see* Docket # 14); and

**WHEREAS,** in order to avoid forfeiture of the defendant property, any other person claiming an interest in, or right against, the defendant property must file a Claim under penalty of perjury identifying the specific property claimed, identifying the claimant and stating the claimant's interest in the property in the manner set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil

Procedure and 18 U.S.C. § 983(a)(4)(A), except that in no event may such Claim be filed later than 60 days after the first day of publication on the above-referenced official government internet website, and having filed such a Claim, must also file an answer to the complaint not later than 20 days after the filing of the Claim; and

**WHEREAS** no other Claim has been filed by any other person within the time permitted by Rule G(5) of the Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure for the defendant property in this matter; that is, no other Claim was filed by December 10, 2012. (Anger Decl., Exhibit B.); and

**NOW THEREFORE, IT IS HEREBY, ORDERED, ADJUDGED AND DECREED**:

**THAT** a Default Judgment and a Final Order of Forfeiture is granted against the defendant property, namely 225,894.00 in United States currency, including but not limited to, United States currency contained in account number 3209038078, held in the name of and/or for the benefit of Roman Fajngold, at Capital One NA, 265 Broadhollow Road, Melville, New York 11747; United States currency contained in account no. 0824248948, held in the name of and/or benefit of Roman Fajngold, at Two River Community Bank, 1250 Highway 35, Middletown, New Jersey 07748; and United States currency contained in account no. 674585321, held in the name of and/or benefit of Roman Fajngold in trust for Ryan Fajngold at HSBC Bank, 1105 North Market

Street, Suite 1, Wilmington, Delaware 19801, and no right, title or interest in the defendant property shall exist in any other party; and

**THAT** any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposits, as well as any income derived as a result of the Internal Revenue Service's management of any property forfeited herein, after the payment of costs and expenses incurred in connection with the forfeiture and disposition of the forfeited property, shall be deposited forthwith by the Internal Revenue Service into the Department of Treasury Asset Forfeiture Fund, in accordance with the law.

**ORDERED** this 4 day of March, 2013.

_____
HONORABLE WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE

5